Max and Irene Plishner v. Commissioner.
Plishner v. Commissioner
Docket No. 84781.
United States Tax Court
T.C. Memo 1962-208; 1962 Tax Ct. Memo LEXIS 100; 21 T.C.M. (CCH) 1125; T.C.M. (RIA) 62208; August 30, 1962
*100 Morris Horowitz, Esq., 120 W. 42nd St., New York, N. Y., for the petitioners. Robert A. Trevisani, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner determined deficiencies of $340 for 1955, $300 for 1956, and $195 for 1957. The only issue for decision is whether he erred in disallowing a part of the deduction claimed each year for entertainment, gifts, tips, and travel expense. Findings of Fact The petitioners, husband and wife, filed joint returns for each year with the director of internal revenue for the Upper Manhattan District of New York. The reason given by the Commissioner for the disallowances was "that to the extent shown below the expenses were unsubstantiated and neither ordinary or necessary business expenses." The following table shows the deduction claimed on the return for entertainment, gifts, tips, and travel expense and the amount thereof disallowed by the Commissioner in determining the deficiency for each year: Deduction
Portion Dis-
Year
Claimed
allowed
1955
$3,986.94
$1,000
1956
3,765.19
1,000
1957
2,456.76
750
Max, during the tax years and *101 for many years prior thereto, was a dress salesman working in New York on commissions for the Well-Made Dress Company of Philadelphia. The expenditures claimed as expenses were all paid by him. They include amounts for snacks, lunches, dinners, theatre tickets, gifts, tips to elevator operators, and expenses of trips to Philadelphia. The record does not show how the Commissioner arrived at the portions he disallowed or from what categories the disallowances stemmed. Max had always found it necessary in his business to entertain his customers who came to his place of business in New York, to buy them lunches, dinners, theatre tickets, and various gifts. He kept a current account of all such expenditures during the tax years, including in many cases bills or vouchers. Max was a diabetic on a strict diet. He did not use intoxicating liquors. He ate most of his meals, except lunches, at home. His lunches cost between 75 cents and one dollar, except when he entertained customers at lunch or dinner. Then he ordered mostly vegetables and coffee. The ordinary and necessary business expenses of Max for entertainment, gifts, tips, and travel expense were $3,725 for 1955, $3,500 for 1956, *102 and $2,240 for 1957. Opinion The Commissioner concedes that the amounts in controversy were spent. His argument is that the petitioners had the burden of proof to show that expenditures in each year in excess of those allowed were ordinary and necessary expenses of Max's business rather than personal expenses of his own. The Commissioner does not specifically challenge a number of categories of the expenditures. He claims, however, that portions of the total amounts spent for lunches, dinners, and theatre tickets were for Max or for others not customers. Max, a diabetic, testified that he went with customers to lunch, dinner, or the theatre solely for business reasons and would have eaten his restricted lunches at a nearby vegetarian restaurant and his other meals at home, had he not felt obliged to accompany the customers, he ate little when he ate with customers and sometimes ate nothing on such occasions. The Commissioner assumes that the portion of each lunch or dinner check chargeable to Max's food was equal to that chargeable to each guest. The evidence refutes this assumption. The Commissioner also argues that tips which Max paid to the elevator operators in the building *103 where he worked to obtain "express service" were not ordinary and necessary expenses of his business. It does not appear that customers shared this "express service" unless they were in the company of Max. The evidence on this point is meager and not too convincing. The evidence as a whole fairly preponderates in favor of the conclusion that Max paid ordinary and necessary expenses in each year in excess of the amount allowed by the Commissioner. The evidence is not as complete as it should be in some particulars, however, and it is necessary to apply in those instances the rule of , and to make an approximation, bearing most heavily, where appropriate, upon the petitioners who have the burden of proof. The conclusion has been reached in this way that the petitioners are entitled to deductions as shown in the findings of fact. Decision will be entered under Rule 50.